FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 27, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CONFEDERATED TRIBES AND BANDS OF THE YAKAMA NATION,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF TOPPENISH,<br><br>Defendant. | No. 1:24-CV-3189-MKD<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br><br>ECF No. 4 |

Before the Court is Plaintiff's emergency Motion for Temporary Restraining Order. ECF No. 4. On November 27, 2024, the Court held a hearing. ECF No. 8. Ethan Jones, Anthony Aronica, and Nick Kahmann appeared on behalf of Plaintiff. Although Defendant was served in this action on November 22, 2024, *see* ECF No. 7, Defendant failed to appear or otherwise oppose this motion.

Plaintiff seeks to operate a "24-hour emergency cold weather shelter for unhoused Yakama Members and all other community members in need of emergency shelter services within the City of Toppenish and the Yakama Reservation." ECF No. 1 at 1-2 ¶ 1.1 Plaintiff moves for a temporary restraining order enjoining

ORDER - 1

Defendant from exercising civil regulatory jurisdiction to prevent the Yakama Nation from authorizing nonmembers to host a 24-hour emergency cold weather shelter on nonmember-owned fee lands within the Yakama Reservation." ECF No. 4 at 2. The Court has reviewed the record, heard from Plaintiff's counsel, and is fully informed. For the reasons discussed below, the Court grants the motion.

## BACKGROUND

**A. The Treaty of 1855**

"Under the Treaty of 1855, the Yakama Nation reserved all rights not expressly granted to the United States, including its inherent sovereign rights and jurisdiction over its enrolled members and its lands both within and beyond the exterior boundaries of the Yakama Reservation." *Confederated Tribes & Bands of Yakama Nation v. City of Toppenish*, No. 1:18-CV-3190, 2019 WL 13249681, at *2 (E.D. Wash. Feb. 22, 2019) (citation omitted); *see* 12 Stat. 951 (1855) (the "Treaty of 1855"); ECF No. 4-2 at 5-10.

"The Yakima Reservation is located in the southeastern part of the State of Washington and now consists of approximately 1,387,505 acres of land, of which some 80% is held in trust by the United States for the Yakima Nation or individual members of the Tribe. The remaining parcels of land are held in fee by Indian and non-Indian owners.… There are three incorporated towns on the Reservation, the largest being Toppenish[.]" *Washington v. Confederated Bands & Tribes of*

ORDER - 2

*Yakima Indian Nation*, 439 U.S. 463, 469-70 (1979).

### B. Plaintiff's Iniitnu't Cold Weather Shelter

Plaintiff is "compromised of over 11,000 enrolled members, some of whom are unhoused in the City of Toppenish." ECF No. 1 at 3-4 ¶ 5.3. Concerned about a "drop in temperatures and an increase in precipitation that threaten the health and safety of unhoused Yakama Members and nonmembers alike," *id.* at 4 ¶ 5.4, Plaintiff applied for and received a $250,000 grant from the Yakima County Board of County Commissioners to "to provide low barrier emergency shelter services to assist individuals experiencing homelessness in resolving their housing instability," and then "obtained the consent of the Yakima Valley Farmworkers Clinic to open the Yakama Nation's 24-hour emergency cold weather shelter, known as the Iniitnu't Cold Weather Shelter, at a building located at 501 West 1st Avenue, Toppenish, WA 98948 and owned by the Yakima Valley Farmworkers Clinic in the City of Toppenish within the Yakama Reservation," *id*. at 4 ¶¶ 5.7-5; *see also* ECF No. 4-3 at 2 ¶ 2 (noting Yakama Nation Village of Hope, which oversees the Iniitnu't Cold Weather Shelter, "reached an agreement with the Yakima Valley Farmworkers Clinic to host the Emergency Shelter for the 2024-2025 season in Toppenish, Washington and on the Yakama Reservation").

On October 21, 2024, and November 7, 2024, Plaintiff's Tribal Council Members and Iniitnu't Cold Weather Shelter staff met with Defendant, during which

ORDER - 3

Defendant "did not clearly support or oppose" the Iniitnu't Cold Weather Shelter. ECF No. 4-3 at 2 ¶¶ 4-5.  On November 7, 2024, Plaintiff's Tribal Council "passed Tribal Council Resolution T-010-25, authorizing the 24-hour emergency cold weather shelter at the Yakima Valley Farmworkers Clinic."  ECF No. 4 at 5; *see* ECF No. 4-2 at 35-36.

On November 18, 2024, Defendant sent a letter to Plaintiff's counsel and the program manager of the Iniitnu't Cold Weather Shelter, informing them that Defendant's City Council "agreed that the Farmworkers Clinic Building could be used by the Tribe as a daytime winter warming station, not to exceed 6 hours per day."  ECF No. 4-2 at 41.  Defendant noted that "use of the building for shelter purposes for longer than 6 hours per day raises concerns on the City's behalf about potential problems stemming from the building's health and safety code deficiencies."  *Id*.  On November 20, 2024, Plaintiff requested "a list of the City's health and safety concerns[.]" *Id*. at 43.  The record does not reflect a response.

"At or around 12:30 PM on November 20, 2024, [the Iniitnu't Cold Weather Shelter] was informed that [Defendant] contacted the Yakima Valley Farmworkers Clinic and stated that [Defendant] would not change its position on a maximum daily operating time of six (6) hours, suggesting that [Defendant] would take enforcement actions against Yakima Valley Farmworkers Clinic if it allowed 24-hour operations." ECF No. 4-3 at 3 ¶ 9.

ORDER - 4

### C. Procedural History

Plaintiff filed its Complaint and the instant motion on November 21, 2024. ECF Nos. 1, 4. That same day, the Court ordered Plaintiff to serve Defendant "with all documents in this matter, including this order, by 5pm on Friday November 22, 2024." ECF No. 6. The Court ordered Defendant to respond to Plaintiff's motion "by 12pm on Tuesday, November 26, 2024," and scheduled the motion hearing. *Id*. Plaintiff served Defendant on November 22, 2024. ECF No. 7. Defendant has not filed a notice of appearance or otherwise responded to the motion. As discussed on the record at the hearing, Court staff attempted to contact Defendant to secure Defendant's participation in the hearing. Court staff did not receive a response from Defendant.

## LEGAL STANDARD

Fed. R. Civ. P. 65(b) provides for temporary restraining orders. Injunctive relief "is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). The substantive standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co. Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A movant must establish "that (1) [it] is likely to succeed on the merits of [its] claim, (2) [it] is likely to suffer irreparable harm absent the preliminary injunction, (3) the balance of

ORDER - 5

equities tips in [its] favor, and (4) a preliminary injunction is in the public interest." *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023) (citing *Winter*, 555 U.S. at 20). "When . . . the nonmovant is the government, the last two *Winter* factors 'merge.'" *Id.* (quoting *Nken v. Holder*, 556 U.S. 418, 435 (2009)). The first factor is considered "a threshold inquiry" and "the most important factor." *Id.* (quoting *Env't Prot. Info. Ctr. v. Carlson*, 968 F.3d 985, 989 (9th Cir. 2020)) (quotation marks omitted). Further, the Ninth Circuit applies a "sliding scale" approach to these factors, whereby "a stronger showing of one element may offset a weaker showing of another." *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 684 (9th Cir. 2023) (en banc) (citation and quotation marks omitted). If a plaintiff demonstrates that the "balance of equities 'tips sharply in [its] favor,' the plaintiff must raise only 'serious questions' on the merits—a lesser showing than likelihood of success." *Id.* (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

## DISCUSSION

### A. Likelihood of Success on the Merits

Given the limited information before the Court and without the benefit of Defendant's position, the Court finds Plaintiff is likely to succeed on the merits of its Treaty of 1855 claim. Generally, "the inherent sovereign powers of an Indian tribe do not extend to the activities of nonmembers of the tribe." *Montana v.*

ORDER - 6

*United States*, 450 U.S. 544, 565 (1981).  Still, "Indian tribes retain inherent sovereign power to exercise some forms of civil jurisdiction over non-Indians on their reservations, even on non-Indian fee lands." *Id*.  This may extend to exercising "civil authority over the conduct of non-Indians on fee lands within its reservation when that conduct threatens or has some direct effect on the political integrity, the economic security, or the health or welfare of the tribe." *Id.* at 566 (citations omitted).  To fall under Tribal regulation, "[t]he activities must 'imperil the subsistence or welfare' of the tribal community.'" *FMC Corp. v. Shoshone-Bannock Tribes*, 942 F.3d 916, 935 (9th Cir. 2019) (quoting *Montana*, 450 U.S. at 566); *Ute Indian Tribe of Uintah & Ouray Rsrv. v. McKee*, 32 F.4th 1003, 1010 (10th Cir. 2022) ("the challenged conduct cannot merely injure the tribe but must be 'catastrophic for tribal self-government'") (quoting *Plains Com. Bank v. Long Fam. Land & Cattle Co.*, 554 U.S. 316, 341 (2008)).  "The burden rests on the tribe to establish one of the exceptions to *Montana*'s general rule that would allow an extension of tribal authority to regulate nonmembers on non-Indian fee land.  These exceptions are limited ones and cannot be construed in a manner that would swallow the rule or severely shrink it." *Plains Com. Bank*, 554 U.S. at 330 (cleaned up).

      Plaintiff argues it has "regulatory jurisdiction under the second *Montana* exception to allow the Yakima Valley Farmworker's Clinic" to host the Iniitnu't

ORDER - 7

Cold Weather Shelter.  ECF No. 4 at 10.  At this preliminary juncture, the Court is satisfied that Defendant's attempt to exercise of civil regulatory authority with respect to the Iniitnu't Cold Weather Shelter sufficiently affects Plaintiff's health and welfare.  *Cf. Big Horn Cnty. Elec. Coop., Inc. v. Big Man*, 526 F. Supp. 3d 756, 764 (D. Mont. 2021) ("Winter in Montana can be bitterly cold and electric service provides the necessary power to keep the heat on.  Termination of that service clearly imperils the health and welfare of any Tribal member who obtains service from BHCEC—a class of approximately 1,700 members—and therefore the Tribe itself."), *aff'd,* 2022 WL 738623 (9th Cir. Mar. 11, 2022) (unpublished).  While the Court does not take jurisdictional disputes such as this lightly, the Court lacks contrary factual allegations or legal contentions from Defendant.  Plaintiff has thus pled a colorable claim arising under the Treaty of 1855 and sufficiently demonstrated a reasonable likelihood of success on the merits.

**B. Irreparable Harm**

"Irreparable harm is traditionally defined as harm for which there is no adequate legal remedy, such as an award of damages." *Arizona Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1068 (9th Cir. 2014) (citation omitted).  Here, the irreparable harm to Plaintiff is evident.  Absent objection from Defendant, the Court credits Plaintiff's assertion that the Iniitnu't Cold Weather Shelter would "protect unhoused Yakama Members from death or serious injury resulting from

ORDER - 8

the current extreme weather conditions." ECF No. 4 at 2. As both Plaintiff and the Court acknowledged at the hearing, nighttime temperatures in the Yakama Reservation are forecast to be in the low twenties for the next week. For this reason, the Court finds irreparable harm in the absence of injunctive relief.

### C. Balance of Equities and Public Interest

Finally, the balance of equities and public interest in this case favor issuing a temporary restraining order. *See Meinecke v. City of Seattle*, 99 F.4th 514, 521 (9th Cir. 2024) ("Because 'the party opposing injunctive relief is a government entity' here, the third and fourth factors 'merge.'") (quoting *Fellowship of Christian Athletes*, 82 F.4th at 695). First, it "would not be equitable or in the public interest to allow [Defendant] to violate the requirements of federal law, especially when there are no adequate remedies available." *Brewer*, 757 F.3d at 1069 (cleaned up); *see* U.S. CONST. Art. VI, cl. 2 (directing that treaties are the "Supreme Law of the Land"). Second, and relatedly, "it is always in the public interest to prevent the violation of a party's constitutional rights." *Riley's Am. Heritage Farms v. Elsasser*, 32 F.4th 707, 731 (9th Cir. 2022) (quoting *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012)). Finally, "an injunction recognizes and maintains the importance of a nation's sovereignty." *Confederated Tribes & Bands of Yakama Nation v. Klickitat Cnty.*, No. 1:18-CV-3110, 2018 WL 4179103, at *5 (E.D. Wash. June 28, 2018).

ORDER - 9

1   The Court thus finds all four *Winter* factors favor the grant of temporary

2   injunctive relief.

3                               **CONCLUSION**

4   Because all four *Winter* factors favor the grant of temporary injunctive relief,

5   the Court grants Plaintiff's Motion for Temporary Restraining Order, ECF No. 14.

6   However, nothing in this order is to be construed as a comment on Plaintiff's request

7   for a preliminary injunction, which the Court will assess after a more fulsome factual

8   record is developed, or the ultimate merits of this action. *Cf. Univ. of Texas v.*

9   *Camenisch*, 451 U.S. 390, 395 (1981) ("[T]he findings of fact and conclusions of law

10  made by a court granting a preliminary injunction are not binding at trial on the

11  merits[.]") (citations omitted); *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739

12  F.2d 1415, 1422 (9th Cir. 1984) (noting "[a] preliminary injunction, of course, is not a

13  preliminary adjudication on the merits") (citations omitted).

14  Accordingly, **IT IS HEREBY ORDERED:**

15      1.  Plaintiff's Motion for Temporary Restraining Order, **ECF No. 4**, is

16          **GRANTED.**

17      2.  Pursuant to Fed. R. Civ. P. 65(b), Defendant and its officers, agents,

18          servants, employees, attorneys, and any person in active concert or

19          participation are **TEMPORARILY RESTRAINED** from preventing

20          the Yakima Valley Farmworkers Clinic from hosting a 24-hour

ORDER - 10

      emergency cold weather shelter on nonmember-owned fee lands within the City of Toppenish and the Yakama Reservation consistent with the Yakama Nation Tribal Council's authorization in Resolution T-010-25. This Temporary Restraining Order prohibits Defendant from taking any action that prevents, or is intended to prevent, Yakima Valley Farmworkers Clinic from hosting a 24-hour emergency cold weather shelter on nonmember-owned fee lands within the City of Toppenish and the Yakama Reservation for the duration of this Order's effect.

3. Because the Court is presiding over a criminal jury trial commencing on December 9, 2024, the Court, for good cause, extends the expiration of this Order through December 18, 2024. Fed. R. Civ. P. 65(b)(2).

4. The Court will hold a preliminary injunction hearing on December 18, 2024, at 10:00 A.M. The Court sets the following briefing schedule: The parties may file supplemental briefs by December 4, 2024. The parties may file responses to the supplemental briefs by December 11, 2024.

5. No bond shall be required. Fed. R. Civ. P. 65(c).

6. Plaintiff is directed to provide a copy of this Order to Defendant.

ORDER - 11

**IT IS SO ORDERED.** The Clerk's Office is directed to file this Order and provide copies to counsel.

DATED November 27, 2024.

<i>s/Mary K. Dimke</i><br>
MARY K. DIMKE<br>
UNITED STATES DISTRICT JUDGE

ORDER - 12