Daniel B. Heid, WSBA No.8217
Toppenish City Attorney
Kerr Ferguson Law PLLC
1950 Keene Road, Bldg. F-100
Richland, Washington 99352
EmMail: dheid@kerrlawgroup.net
Phone: (509) 735-1542, Fax: (509) 735-0506
Cell: (206) 321-7672

Attorney for Defendant, City of Toppenish

# UNITED STATES DISTRICT COURT
# FOR THE
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CONFEDERATED TRIBES AND BANDS OF THE YAKAMA NATION, a sovereign federally recognized Indian Tribe,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF TOPPENISH, a municipal Corporation of the State of Washington,<br><br>Defendant. | No. 1:24-CV-3189-MKD<br><br>RESPONSE OF THE DEFENDANT, CITY OF TOPPENISH, TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION |

The Plaintiff includes among the Exhibits to the declaration of Counsel Ethan Jones, a case, *Glacier Electric, Cooperative Inc. v. Gervais*. United States District Court for the District of Montana, (CV 14-75-GF-BMM). From what the

RESPONSE OF THE DEFENDANT, CITY OF TOPPENISH, TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION - Page 1

Daniel B. Heid
Toppenish City Attorney
Kerr Ferguson Law PLLC
1950 Keene Road, Bldg. F-100
Richland, Washington 99352
Phone: (509) 735-1542

head notes of this case seemed to say, it might initially sound like a Blackfoot Tribal Court would have jurisdiction over claims involving non-tribal electricity providers serving the Reservation, but that is not where this case goes in terms of the basis for the Court's ruling.

In the case before this Court, in our case, the property in question is not owned by the tribe and it is not trust lands. The Court has long held, going back decades that Indian tribes do not that have jurisdiction over non-Indians. For instance, many years ago, the United States Supreme Court ruled in *Oliphant v. Squamish Indian Tribe*, 435 US 919, 98 S. Ct. 1011, 55 L. Ed. 2d 209 (1978) that Indian tribes do not that have jurisdiction over non-Indians. The case involving *Glacier Electric Cooperative* is markedly different, in that the Electric Cooperative serves electricity to the Black Feet Reservation, including Cooperative members who reside on trust land.

In that case, the Court indicated it need only determine whether jurisdiction was plainly lacking. Again, the Cooperative provided electricity to the Tribe and had clear commercial relationships with its customers consistent there with.

In the case before this Court, Toppenish is a separate jurisdictional entity, and it *does* have (already has) direct authority and responsibility over Code

RESPONSE OF THE DEFENDANT, CITY OF TOPPENISH, TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION - Page 2

Daniel B. Heid
Toppenish City Attorney
Kerr Ferguson Law PLLC
1950 Keene Road, Bldg. F-100
Richland, Washington 99352
Phone: (509) 735-1542

Enforcement and building codes within its corporate boundaries, and for enforcement of health and safety codes for the deeded (not tribal or trust) lands within its corporate boundaries. Again, the property owner in this case is not a tribal member and, different than *Glacier Electric,* there should be no way that that the Tribe would be in a position to divest the City of its code enforcement and health and safety code responsibilities. Again, this is quite a different case from the *Glacier Electric* case.

Additionally, another exhibit appended to the Declaration of Nathan Jones was an email communication dated November 12, 2024, in which tribal chairman Gerald Lewis indicated that the Tribe was trying to work in good faith with the City to resolve the City's health and safety code concerns. That would've been perhaps my first week at Toppenish as its City Attorney, but neither I, nor any of the other employees with whom I spoke about this could identify what the Tribe had done or said that might have been intended to alleviate the City's health and safety code concerns. Moreover, that same letter indicates that the Yakama Nation demonstrated (to the City?) that it meets the requirements to be a religious organizations, and thus exempt from certain codes under RCW 35A.21.360. Not only do I recall nothing that addressed the religious organizational evidence from

RESPONSE OF THE DEFENDANT, CITY OF TOPPENISH, TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION - Page 3

Daniel B. Heid
Toppenish City Attorney
Kerr Ferguson Law PLLC
1950 Keene Road, Bldg. F-100
Richland, Washington 99352
Phone: (509) 735-1542

the Tribe, but Exhibit E to the Ethan Jones Declaration was a letter to the Tribe from Dan Ford, the Toppenish City Manager, where City Manager Ford requests what evidence the Tribe has that would show it qualifies as a religious organization under the statute. The date of that letter was November 18, 2024.

The next exhibit included with the Declaration of Ethan Jones was a letter from tribal chairman Gerald Lewis to the Toppenish City Council whereby he indicates that the tribe "appreciates the City's prompt response and its willingness to meet with the Yakama Nation on this important issue. Please let us know your availability."

However, that email communication was dated November 20th, the very same day that the Tibe's Declaratory Judgment action was filed with the Court.

There wouldn't have been any time between the Chairman's letter and the lawsuit having been filed for anybody to get together and discuss this, willingly or not. P

An additional matter that is of concern in this case is if there were an emergency to occur at the Farm Worker's clinic, because there was no permit evaluation or inspection, the City would not be in a very good position to know what may be involved or how to respond with the circumstances as they may need

RESPONSE OF THE DEFENDANT, CITY OF TOPPENISH, TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION - Page 4

Daniel B. Heid
Toppenish City Attorney
Kerr Ferguson Law PLLC
1950 Keene Road, Bldg. F-100
Richland, Washington 99352
Phone: (509) 735-1542

assistance. This is a big concern, and again the health and safety code requirements cannot be dismissed or side-stepped, even if the Tribe met the requirements of being a religious organization.

Finally, for some reason, there seems to be a misunderstanding, or at least a disconnect about the language of Sections 35.21.915 and 35A.21.360. Based upon the arguments and exhibits involved so far, it would seem that the interpretation that is being given these statutes is that if a religious organization is operating a shelter, it can disregard health and safety codes, or at least that is how that's how it sounds to me, perhaps any of the health and safety codes.

That is not what the statutes say, and as pointed out in the Declaration of Timothy B Smith, Toppenish, Fire Chief, the language which would seem to limit City enforcement of municipal regulations specifically except for reasonable regulations related to health and safety. The fire alarms and sprinkler systems for residential properties are absolutely and obviously related to health and safety. In that regard, while cities may be precluded from applying other regulations that might affect the operation of the shelter, as long as the health and safety code regulations are reasonable, they should be enforced, whether or not the agency operating the shelter is a religious organization. Again, as noted by Chief Smith,

RESPONSE OF THE DEFENDANT, CITY OF TOPPENISH, TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION - Page 5

Daniel B. Heid
Toppenish City Attorney
Kerr Ferguson Law PLLC
1950 Keene Road, Bldg. F-100
Richland, Washington 99352
Phone: (509) 735-1542

the operative language of the fire alarm and sprinter systems come from the international building, fire and maintenance codes, and cities and counties in this state have no choice but to adopt them for the obvious reason of providing health and safety environments.

According, in conclusion, the injunction and restraining order sought by the Plaintiff should be denied. And the declaratory judgment should likewise fall by the wayside.

Respectfully submitted this ___4___ day of December, 2024.

s/DANIEL B. HEID, WSBA No. 8217
Attorney for Defendant City of Toppenish
Kerr Ferguson Law, PLLC
1950 Keene Road, Building F-100
Richland, Washington 99352
Telephone: (509) 735-1542
Email: dheid@kerrlawgroup.net

RESPONSE OF THE DEFENDANT, CITY OF TOPPENISH, TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION - Page 6

Daniel B. Heid
Toppenish City Attorney
Kerr Ferguson Law PLLC
1950 Keene Road, Bldg. F-100
Richland, Washington 99352
Phone: (509) 735-1542

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2024, I electronically served the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Ethan Jones, WSBA No. 46911
ethan@yakamanation-olc.org

Anthony Aronica, WSBA No. 54725
anthony@yakamanation-olc.org

s/DANIEL B. HEID, WSBA No. 8217
Attorney for Defendant City of Toppenish
Kerr Ferguson Law, PLLC
1950 Keene Road, Building F-100
Richland, Washington 99352
Telephone: (509) 735-1542
Email: dheid@kerrlawgroup.net

RESPONSE OF THE DEFENDANT, CITY OF TOPPENISH, TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION - Page 7

Daniel B. Heid
Toppenish City Attorney
Kerr Ferguson Law PLLC
1950 Keene Road, Bldg. F-100
Richland, Washington 99352
Phone: (509) 735-1542